**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 00-6130-CIV-MORENO/Dube

DARA R. LEWEN,

        Plaintiff,

v.

HUMANA INC.,

        Defendant.

_____/

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS

        Defendant respectfully requests a stay of all proceedings in this action. This case, along with 14 related actions pending in other federal district courts around the country, is the subject of a motion to transfer and consolidate pursuant to 28 U.S.C § 1407(a) and the Rules of the Judicial Panel on Multidistrict Litigation (the "MDL Panel"). Judges in related actions have already recognized that a stay is appropriate and would serve the objectives of the MDL process – namely, judicial economy and the avoidance of inconsistent pretrial rulings. (*See* orders granting motions to stay in *Johnson v. Humana Inc.* (Aspen, C.J.), *Landry v. Humana Inc.* (Pickering, J.), and *Weinger v. Humana Inc.* (Ryskamp, J.), attached at Tabs 1-3.) As in these other cases, a stay here would not prejudice plaintiff's claims because this litigation is still at the earliest stage before this Court and no harm will come to her or this Court from having to wait for the MDL Panel to rule. The MDL Panel is scheduled to hear oral arguments on the motion to transfer on March 30, 2000.

## BACKGROUND

This is one of 15 actions brought in four different states on behalf of purported nationwide classes consisting of managed care participants or providers against Humana Inc. and several of its affiliates.[1] The material allegations in these 15 actions are strikingly similar. Each action accuses Humana Inc. ("Humana") or its affiliates of providing improper financial incentives to physician providers, and using cost containment practices like utilization review and capitation, despite the fact that they are specifically authorized by federal and state law. Each action alleges that Humana or its affiliates engaged in "downcoding," a practice in which defendants are accused of wrongfully altering procedure codes to lower reimbursements to providers. And each action seeks certification of a nationwide class of either participants or providers.

On December 16, 1999, Humana moved before the MDL Panel for an order transferring four actions to a single district court and consolidating them for pretrial proceedings. Humana's motion argues that the four actions fit perfectly the statutory prerequisites for transfer and consolidation under 28 U.S.C. § 1407(a): (1) they "involv[e] one or more common questions of fact," given the substantial similarity between the complaints; (2) transfer will further "the convenience of the parties and witnesses"; and (3) transfer "will promote the just and efficient conduct of [the] actions" by ensuring centralized oversight of pretrial fact development in what are likely to be highly complex and document-intensive actions, and so minimizing waste and

---

[1]    The other actions pending before the MDL Panel are *Landry v. Humana Inc.*, filed in the Southern District of Mississippi, Case No. 2:99 CV 325PG; *Johnson v. Humana, Inc.*, filed in the Northern District of Illinois, Case No. 99C-7602; *Shane v. Humana Inc.* filed in the Western District of Kentucky; and the following cases which are all filed in the Southern District of Florida: *Messina v. Humana Inc.* Case No. 99-3309 CIV-Moreno; *Weinger v. Humana Inc.*, Case No. 99-9108 CIV-Ryskamp; *Smart v. Humana Inc.* Case No. 00-6140 CIV-Moreno; *Colini v. Humana Inc.*, Case No. 00-6139 CIV-Moreno; *Guesby v. Humana Inc.*, Case No. 00-6136 CIV-Moreno; *Lewinsohn v. Humana Inc.*, Case No. 00-6138 CIV-Moore; *Rothman v. Humana Inc.*, Case No. 00-6132 CIV-Moreno; *Berrios v. Humana Inc.*, Case No. 00-6131 CIV-Moreno; *Price v. Humana Inc.* Case No. 99-8763 CIV-Moreno; *Cutler v. Humana Medical Plan, Inc.*, Case No. *00-6301 CIV-Gold; and Landa v. Humana Medical Plan, Inc., Case No. 00-6217 CIV-Graham.*

inefficiency in the conduct of discovery. 28 U.S.C. § 1407(a). Humana has recommended to the MDL Panel that it name the Western District of Kentucky as the transferee court. Humana is headquartered in Louisville, Kentucky, so that venue would be convenient to the majority of witnesses and documents likely to be required for pretrial proceedings.

Since Humana filed its motion before the MDL Panel, it has notified the Panel on three occasions of 11 additional cases that were filed subsequent to its motion that it believes to potential "tag-along" actions raising the same factual issues and requiring discovery of the same witnesses and documents as the other cases referred to the MDL Panel for consolidation. The MDL Panel was notified of Humana's belief that this case constitutes a potential "tag-along" action on February 8, 2000.

All 15 actions are at the earliest stages of litigation. Motions to dismiss have been filed in *Johnson, Messina, Price, Colini, Guesby, Lewinsohn, Smart* and *Weinger* although those motions have not all been fully briefed and submitted for consideration by the respective courts. In addition, motions to dismiss are being filed in *Rothman, Berrios* and this case. Motions for stay have been granted in *Johnson, Landry* and *Weinger* and similar motions are pending in *Price, Messina, Shane, Smart, Colini, Guesby* and *Lewinsohn*. This week, Humana will be filing motions for stay in *Rothman* and *Berrios* in addition to the one filed in this case. There has been no discovery in any of the 15 actions. In short, these actions are still in their infancy, and a stay by this Court would therefore not intrude upon the consideration of any difficult or dispositive issue before it, since no such issues have yet arisen in this nascent litigation.

<u>**ARGUMENT**</u>

Pursuant to 28 U.S.C. § 1407, the Judicial Panel for Multidistrict Litigation will transfer and consolidate multiple actions filed in several district courts in order to conduct coordinated pretrial proceedings, where three conditions are met: (1) the cases "involv[e] one or more common questions of fact"; (2) transfer will further "the convenience of the parties and witnesses"; and (3) transfer "will promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407. "The purpose of such transfers is to further judicial economy and to eliminate the potential for conflicting pretrial rulings." *Good v. Prudential Ins. Co. of America*, 5 F. Supp.2d 804, 809 (N.D. Cal. 1998). To help achieve these goals, "[c]ourts frequently grant stays pending a decision by the MDL Panel whether to transfer a case." *Id.* The decision whether to stay proceedings is within the discretion of the district court. *See American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *1 (E.D. Pa. May 7, 1992). A stay in this case, pending the MDL Panel's decision whether to consolidate and transfer the 15 virtually identical purported class actions against Humana, would further judicial economy and eliminate the potential for conflicting pretrial rulings. Accordingly, this Court should enter an order staying proceedings pending the decision of the MDL Panel.

## I.    A STAY OF PROCEEDINGS WOULD FURTHER THE PURPOSES OF 28 U.S.C. § 1407.

That judicial economy would be served by a stay of proceedings in this case is evident from the fact that "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation if the MDL Panel does not consolidate the . . . cases in this Court." *Rivers v. Walt Disney Co.*,

980 F.Supp. 1358, 1360-61 (C.D. Cal. 1997). A stay of proceedings now, before this Court has

had occasion to engage in efforts that are likely to be duplicated by the transferee court, would

spare this Court time and effort that could be devoted to other cases.

Similarly, the fact that this case is still at a preliminary stage means this Court has

not yet had to learn every aspect of a complicated case whose factual underpinnings require some

knowledge of a broad range of practices common to the managed care industry. Thus, if the

Court declines to grant a stay and these actions are transferred by the MDL Panel, "this Court will

have needlessly expended its energies familiarizing itself with the intricacies of a case that would

be heard by another judge." *Id.* at 1360. In short, a stay would further judicial economy by

obviating the need for this Court to expend time and effort engaging in case management and

addressing issues sure to be dealt with by the transferee court.

A stay would also help eliminate duplicative motions and pretrial proceedings

before the various courts in which these actions are proceeding. The complaints in these 15 cases

are virtually identical and challenge identical policies and practices. Most of the cases seek

certification of overlapping – indeed, virtually identical – classes. Thus, there is a clear potential

here for conflicting rulings on similar issues raised in each of the district courts, as well as

conflicting or duplicative discovery proceedings. "The law favors coordination of related cases in

order to eliminate the risk that parties will have to put forth duplicative cases or defenses or

engage in duplicative pretrial tasks." *Portnoy v. Zenith Laboratories*, 1987 WL 10236, at *1

(D.D.C. April 21, 1987). Such duplication is to be avoided not just to ensure that complex

actions are tried efficiently, but also to avoid the possibility that parties will be faced with

inconsistent rulings from different courts addressing the same issues. *See, e.g., Aetna U.S.*

*Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 48 F. Supp. 2d 37, 43 (D.D.C. 1999); *American*

*Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) ("[T]he defendants may be forced to prosecute or defend similar motions twice and the decisions of this Court and the Northern District [of Mississippi] may be in conflict. The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay.").

## II.    PLAINTIFFS WILL NOT BE PREJUDICED BY A STAY.

A stay in this case would thus further the purposes of 28 U.S.C. § 1407 by preserving judicial economy and avoiding the possibility of duplicative and/or inconsistent rulings and pretrial proceedings in this Court. Because this action has not yet progressed past its earliest stages, plaintiff will suffer *no* prejudice if this Court stays proceedings until the MDL Panel has had an opportunity to decide whether and where to transfer this action for further pretrial proceedings. *See, e.g., Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, 1991 WL 13725, at *1 (D.N.J. Feb. 1, 1991) (questioning plaintiffs' claim that they would be prejudiced by stay pending decision of MDL Panel, where plaintiffs admitted unlikelihood that much pretrial discovery would occur between date of stay order and issuance of MDL Panel's order).

## III.    COURTS HAVE ROUTINELY GRANTED SIMILAR REQUESTS.

Where a stay of proceedings would, as here, promote the objectives of the MDL process and no particular prejudice would be caused by a stay, courts have regularly stayed all proceedings until the MDL Panel has had a chance to consider a transfer motion pursuant to 28 U.S.C. § 1407. *See, e.g., Aetna U.S. Healthcare*, 48 F. Supp. 2d at 43; *Good*, 5 F. Supp. 2d at 809; *Rivers*, 980 F.Supp. at 1361-62; *American Seafood*, 1992 WL 102762, at *2; *Arthur-*

*Magna*, 1991 WL 13725, at *2; *Portnoy*, 1987 WL 10236, at *1; *Egon v. Del-Val Fin. Corp.*, 1991 WL 13726, at *1-2 (D.N.J. Feb. 1, 1991).

Moreover, a stay is appropriate in this case because a case pending before the United States Supreme Court may be highly relevant to the claims in this action. On September 28, 1999, the Supreme Court granted *certiorari* in *Pegram v. Herdrich*, 154 F.3d 362 (7th Cir. 1998), *cert. granted*, 120 S.Ct. 10 (1999), to determine "[w]hether a health maintenance organization . . . and its physicians breach a fiduciary duty under section 404(a)(1) of [ERISA] by implementing a managed-care program in which the HMO and its physicians receive financial incentives to provide medical care to the HMO's enrollees in a cost-effective manner." Brief of Petitioners, *Pegram v. Herdrich*, No. 98-1949, *available in* 1999 WL 1066835, at *i (Nov. 19, 1999) (question presented). The Supreme Court's resolution of that question will clearly affect – if not resolve – one of the central issues before this Court: namely, whether ERISA places any constraints on employers' decisions to provide managed care benefits to their employees, under which physicians and providers operate under financial risk-sharing arrangements.

In such circumstances, where an issue pending before the Supreme Court may affect or resolve an issue pending before a district court, courts have repeatedly stayed proceedings pending the Supreme Court's resolution of the case. *See, e.g., Wysinger v. City of Benton Harbor*, 968 F.Supp. 349, 353 (W.D. Mich. 1997) (electing to decide case on alternate grounds but noting that "[b]ecause the *Bogan* decision could [a]ffect this Court's ruling on the issue of immunity, a stay would be appropriate in this case."); *Keith v. Sullivan*, 956 F.Supp. 1478, 1487 (E.D. Wis. 1997) ("Because the Supreme Court's resolution of *Hendricks* is, at the very least, extremely relevant, and even more likely, dispositive, to the case at hand, I will stay the remaining part of Mr. Keith's petition until the United States Supreme Court's resolution of

*Kansas v. Hendricks* and *Hendricks v. Kansas*. It would be a waste of judicial resources to do

otherwise."); *Cortes v. Bd. of Governors*, 1991 WL 14181, at *2 (N.D. Ill. July 19, 1991) (to

same effect); *Person v. Ass'n of Bar of City of New York*, 414 F.Supp. 133, 139 (E.D.N.Y. 1976).

   Given this combination of circumstances – a pending motion before the MDL

Panel for transfer and consolidation of this and other actions, the likelihood that pretrial

proceedings before this Court will be duplicative of proceedings before the transferee court and

that decisions by this Court may conflict with decisions by the transferee court, and the looming

presence of a Supreme Court case which will likely have a significant effect on the disposition of

this action – a stay of this action pending the MDL Panel's decision whether and where to transfer

and consolidate this action will further the purposes of 28 U.S.C. § 1407.

## IV. ALTERNATIVELY, THIS COURT SHOULD POSTPONE DISCOVERY PENDING RESOLUTION OF HUMANA'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT.

   If this Court decides a stay pending the decision of the MDL Panel is not required

at this time, it should nevertheless enter a protective order pursuant to Fed. R. Civ. P. 26(c),

postponing discovery pending its resolution of Humana's motion to dismiss the plaintiffs'

complaint. This Court has "'broad inherent power to stay discovery until preliminary issues can

be settled which may be dispositive of some important aspect of the case.'" *Simpson v. Specialty

Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988). Factors that may influence its

decision whether to influence its discretion include: "'[T]he type of motion and whether it is a

challenge as a 'matter of law' or the 'sufficiency' of the allegations; the nature and complexity of

the action; . . . the posture or stage of the litigation; . . . and any other relevant circumstances.'"

*Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995) (quoting

*Hachette Distribution, Inc. v. Hudson County News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991).

Weighing such factors, this case clearly presents strong reasons for this Court to exercise its discretion to stay the proceedings pending its resolution of the motion to dismiss. Humana's dispositive motion is not aimed at the factual insufficiency of the plaintiff's allegations alone, but is based on its contention that no legal theory justifies the recovery sought by this plaintiff. Discovery in this case is likely to be complex and to involve a substantial volume of document production – from Humana as well as from third parties. Any delay in discovery will thus afford the parties further time to prepare so that discovery may be conducted in an efficient manner. Finally, as noted above, the fact that this litigation is in its preliminary stages means neither party will be prejudiced by a stay, since no ongoing proceedings will be interrupted.

In such circumstances, as the Eleventh Circuit has noted, a stay of discovery is a highly appropriate exercise of discretion. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997):

> Discovery imposes several costs on the litigant from whom discovery is sought. These burdens include the time spent searching for and compiling relevant documents; the time, expense and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged. The party seeking discovery also bears costs, including attorneys' fees generated in drafting discovery requests and reviewing the opponent's objections and responses. Both parties incur costs related to the delay discovery imposes on reaching the merits of the case. Finally, discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes.

*Id.* at 1367-68. Staying discovery in an action before it has commenced, where a dispositive motion may narrow the scope of discovery or eliminate the need for discovery altogether, avoids

9

"unnecessary costs to the litigants and to the court system." *Id.* at 1368. Accordingly, "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." *Id.*

That direction applies here. Discovery in this matter is likely to consume the time and resources of plaintiff and defendant alike, as well as this Court's own resources. Given the possibility that Humana's motion to dismiss will dispose of some or all of the claims before this Court, a stay will avoid the waste of the parties' resources and the Court's time. Conversely, if, as Humana contends, this action is meritless, permitting discovery to proceed will "[do] nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Id.* If it does not stay these proceedings pending the outcome of the MDL Panel's consideration whether to transfer this case, this Court should at least stay discovery pending its resolution of Humana's motion to dismiss. Because the coordination of discovery is, after all, one of the primary objectives of the consolidation of multiplicitous cases through the MDL process, *see, e.g., Manual for Complex Litigation, Third* § 31.131 (1995), a stay of discovery pending the consideration of Humana's dismissal motion would at least partially fulfill the purposes of the MDL process.

## CONCLUSION

For the foregoing reasons, Humana respectfully requests that its Motion to Stay

Proceedings be granted.  A proposed order to that effect is attached.


Respectfully submitted,

ADORNO & ZEDER, P.A.

Henry N. Adorno
Florida Bar No. 160203, hna@adorno.com
Raoul G. Cantero III
Florida Bar No. 552356, rgc@adorno.com
2601 South Bayshore Drive, Suite 1600
Miami, Florida 33133
Phone:  (305) 858-5555
Fax:     (305) 858-4777

and

Jones Foster Johnston & Stubbs
505 S. Flagler Drive, Suite 1100
P.O. Box 3475
West Palm Beach, FL  33402-3475

and

O'Melveny & Myers
555 13th Street NW, Ste 500 West
Washington, DC 20004-1109

Case No. 00-6130 CIV-Moreno/Dube

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served by mail this 22 day of

March, 2000, upon:


Andrew B. Peretz, Esquire,
Barrett, Gravante, Carpinello & Stern
One East Broward Boulevard., Suite 620,
Fort Lauderdale, FL 33301

Michael Straus, Esquire,
Bainbridge & Straus, LLP,
2210 2nd Avenue North,
Birmingham, AL 35203



ATTACHMENT / EXHIBIT 1

 1                    IN THE UNITED STATES DISTRICT COURT
                        NORTHERN DISTRICT OF ILLINOIS
 2                            EASTERN DIVISION

 3    SANDRA JOHNSON, individually and      )    No. 99 C 7602
      on behalf of all those similarly      )
 4    situated,                             )
                                            )
 5                        Plaintiff,        )
                                            )
 6           vs.                            )    Chicago, Illinois
                                            )    January 25, 2000
 7    HUMANA, INC., a Delaware              )    9:3 o'clock a.m.
      corporation,                          )
 8                                          )
                          Defendant.        )
 9

10                    TRANSCRIPT OF PROCEEDINGS - MOTION
                      BEFORE THE HON. MARVIN E. ASPEN
11

12    APPEARANCES:

13    For the Plaintiff:       MUCH SHELIST FREED DENENBERG
                               AMENT BELL & RUBENSTEIN PC
14                             BY:  MR. MICHAEL B. HYMAN
                               220 North LaSalle Street
15                             Chicago, Illinois 60601

16    For the Defendant:       O'MELVENY & MYERS LLP
                               BY:  MR. IRA RAPHAELSON and
17                                  MR. BRIAN P. BROOKS
                               555 13th Street, N.W.
18                             Washington, D.C. 20004

19                             UNGARETTI & HARRIS
                               BY:  MR. JAMES G. RICHMOND
20                             3500 Three First National Plaza
                               Chicago, Illinois 60602
21
      Court Reporter:          MARY M. HACKER
22                             Official Court Reporter
                               219 South Dearborn Street, Suite 2528A
23                             Chicago, Illinois 60604
                               (312) 663-0049
24                             _____

25

2

```
 1              THE CLERK:  99 C 7602, Sandra Johnson versus Humana,
 2   Inc.
 3              MR. HYMAN:  Good morning.  Michael Hyman for the
 4   plaintiff.
 5              THE COURT:  Good morning.
 6              MR. RICHMOND:  Good morning, your Honor.  James
 7   Richmond of Ungaretti & Harris for the Defendant Humana, with
 8   Mr. Ira Raphaelson of O'Melveny & Myers, and Mr. Brian Brooks
 9   of the same firm.
10              THE COURT:  Your motions for admission pro hac vice
11   and for leave to file additional appearances are allowed.
12              MR. RAPHAELSON:  Thank you, your Honor.
13              THE COURT:  There is a motion for a stay pending the
14   motion to transfer and consolidate.  That's before the Multi
15   District Litigation Panel?
16              MR. HYMAN:  Your Honor, this week we filed a response
17   in which we asked that the case be sent before your Honor as
18   our first choice, or before the Court of Mississippi or in
19   Florida.
20              We had stipulated about a month ago for an answer or
21   otherwise plead to the complaint by this coming Thursday, and
22   then they filed this motion for a stay.  We would ask that the
23   defendant respond to the complaint as stipulated by Thursday
24   and that we get seven days to respond to the motion on the
25   stay.
```

3

1              MR. RAPHAELSON:  Judge, good morning.

2              There are a number of developments that I think the

3      Court might find of interest that have occurred since we filed

4      our motion.

5              As Mr. Hyman indicated, they have essentially joined

6      in our MDL request for consolidation arguing for this venue.

7      Two other groups of plaintiff's counsel, one in Florida, led by

8      Mr. Bois and his firm in the Price matter, have argued for

9      consolidation and their own venue, Mr. Bois also invoking the

10     first in time rule.

11             Mr. Scruggs, in the Landrey matter pending before

12     Judge Pickering, moved for consolidation as well there, urging

13     his venue, as well as moving for a stay when Judge Pickering on

14     his own motion, having noticed the MDL petition filed by

15     Humana, suspended proceedings not only in the Humana matter but

16     in all of the various HMO cases down there.  I believe there

17     could be as many as eleven pending before Judge Pickering

18     against various defendants, including Humana.

19             Two other cases have been filed against Humana which

20     will figure -- well, one of which will certainly figure in the

21     MDL, one of which may, the first being Weinger versus Humana,

22     which has been assigned to Judge Ricecamp in southern Florida,

23     bringing three cases in Florida on the same essential theory.

24     The Weinger case is brought by the Berger and Montague firm out

25     of Philadelphia, which also brought the earlier mail case

4

1   against Aetna, which had a similar iteration of theory, was

2   dismissed by the Federal District Court in Philadelphia and is

3   now pending in the Third Circuit.

4           The second case is a Kentucky state case filed in

5   Louisville, where Humana is headquartered; it is on the

6   doctors' aspect of the case.  Humana is considering attempting

7   to remove that case and also referring that to the MDL panel

8   for consolidation.

9           One other element that ought -- or perhaps might be of

10  interest to the Court is the Fifth Circuit decided the Elman

11  (phonetic) versus Kaiser Foundation case.  The essential

12  holding of that case was the Fifth Circuit found there is no

13  ERISA based fiduciary obligation to disclose capitation

14  agreements, one of the court theories of the Johnson-Price and

15  other actions against Humana.

16          I note this not to address the matter on the merits,

17  your Honor, but because it underscores the observation that the

18  plaintiffs in the Johnson case made in the MDL panel, which is

19  that part of the reason for moving ahead with the MDL is that

20  one ought to avoid the potential for wasteful litigation and

21  potentially conflicting rulings.

22          Elman is binding, for instance, on Judge Pickering.

23  It is obviously something we will argue should be persuasive to

24  this Court but is not binding --

25          THE COURT:  Okay.  Well, argue it at the appropriate

5

1    time then.

2         MR. RAPHAELSON:  Judge, we think a stay is

3    appropriate.  Judge Pickering has, though not ruled for a stay,

4    certainly acted as though he thinks one is appropriate.  The

5    plaintiffs in that matter have joined the effort for stay.  The

6    MDL panel is going to be hearing our motion the end of March

7    and we expect a ruling the beginning of April.

8         We respectfully request that the Court grant our stay.

9    It's a limited amount of time, and we will know what the MDL

10   panel does then.

11        THE COURT:  How are you going to be prejudiced if I

12   grant the stay?

13        MR. HYMAN:  I think that, first of all, the fact that

14   we are asking that the case be sent here, I think is important

15   that the case continue here.

16        THE COURT:  I would love to have it here, but the fact

17   that you're asking for it here doesn't mean it's going to be

18   here.

19        MR. HYMAN:  That's true, your Honor.  But there is no

20   reason to stay it in that the filing of an MDL petition does

21   not automatically stay a case.  It's in your discretion.

22        THE COURT:  Sure.

23        MR. HYMAN:  But why should we wait until April or

24   whenever the MDL panel rules?  There isn't going to be a lot

25   happening in the meantime but at least we are going to get

6

1    their response on file, we can begin the motion papers.  They

2    are already arguing the merits of that --

3             THE COURT:  I think the response ought to get on file

4    because you're going to file a response no matter where the

5    case is, right?

6             In terms of discovery I think it makes sense, in terms

7    of the motion practice it makes sense to wait and see if the

8    cases are going to be consolidated.  But in terms of filing a

9    responsive pleading, you're going to have to file a responsive

10   pleading in all these cases.

11            MR. RAPHAELSON:  Judge, we filed a responsive pleading

12   in the Price case because that one --

13            THE COURT:  File one here then.

14            MR. HYMAN:  -- was filed well in advance of the other

15   cases which have followed since.

16            We will obviously do what the Court directs us to do.

17            THE COURT:  All right.  I am going to ask that you

18   file your responsive pleading as required, and I will stay any

19   motions or discovery until we find out what is happening in

20   terms of the motion before the MDL panel.

21            MR. RAPHAELSON:  Judge, given that we had noticed the

22   motion for stay on the 11th, hoping to get into court last

23   week, we are here today, we are due on Thursday, our offices

24   are closed today because of a snowstorm -- could we have until

25   Monday?

7

```
1          THE COURT:  Yes.

2          MR. HYMAN:  I have no objection.

3          THE COURT:  Okay.

4          MR. RAPHAELSON:  Thank you.

5          THE COURT:  You're welcome.

6     (Which were all the proceedings had at the hearing of

7     the within cause on the day and date hereof.)

8                    CERTIFICATE

9          I HEREBY CERTIFY that the foregoing is a true,

10    correct and complete transcript of the proceedings had at the

11    hearing of the aforementioned cause on the day and date hereof.

12

13

14
      _____          1/20/00
15    Official Court Reporter                    _____
      U.S. District Court                           Date
16    Northern District of Illinois
      Eastern Division

17

18

19

20

21

22

23

24

25
```

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JAN 25 2000

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

LANDRY                                    ATTACHMENT / EXHIBIT   PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 2:99-cv-325PG

HUMANA, ET AL                                                    DEFENDANT

## ORDER

  This matter is before the Court sua sponte.  This Court had previously advised the parties herein that a motion to transfer this case to multi-district litigation had been filed.  In light of that, the Court had requested responses from counsel for all of the parties regarding continued development of this case in this Court.

  The Court has received the responses that it requested and has reviewed all of them.  The Court has determined that it would not be able to make any constructive progress in resolving this litigation while the motion to transfer this case to the MDL panel is pending especially since the Plaintiffs in their response to that motion have requested that all of the cases pending before this Court be transferred as tag-along cases.

  The Court has therefore determined that the interests of justice and judicial economy require the Court to stay this matter pending resolution of the motion to transfer this case to the multi-district litigation panel as well as this case as a tag along. The Court would advise the parties that as soon as a decision is made by the multi-district litigation panel as to whether this case goes to that panel or stays in this Court

or whether this case comes back to this Court, this Court will conduct a conference to schedule this matter for speedy resolution.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is stayed pending further order of this Court.

IT IS FURTHER ORDERED AND ADJUDGED that any conferences scheduled in this case are hereby canceled until further order of the Court

SO ORDERED AND ADJUDGED, this the _23rd_ day of _January_ 2000.

CHARLES W. PICKERING, SR.
UNITED STATES DISTRICT JUDGE



FILED by _____ D.C.

MAR 1 3 2000

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH**

Case No. 99-9108-CIV-RYSKAMP

ALAN WEINGER, CYNTHIA ZILKA
and CLIVE D. HAYHURST on behalf
of themselves and all others
similarly situated,

       Plaintiffs,

ATTACHMENT / EXHIBIT _3__

vs.

HUMANA INC.,

       Defendant.

_____/

## ORDER GRANTING STAY OF PROCEEDINGS

    THIS CAUSE came before the Court upon the defendant's notice that it recently filed a

motion to the Judicial Panel on Multidistrict Litigation for an order of transfer and an order of

consolidation [DE 12 & 14], filed March 7, 2000.

    In the interest of justice and judicial economy, this Court shall stay the above-styled

matter pending resolution of the motion to transfer this case to the multi-district litigation panel.

The parties shall keep the Court informed on this matter.

    ORDERED AND ADJUDGED that proceedings will be **STAYED** pending further order

of this Court.

    DONE AND ORDERED in Chambers at West Palm Beach, Florida, this _13_ day of

March, 2000.

KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

15
K2

Page 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

copies provided:
Brian Brooks, Esq.
David Krathen, Esq.
H. Laddie Montague, Jr., Esq.
James W. Beasley, Jr., Esq.
Peter A. Sachs, Esq.